# DARBY MINER

## V.

# FRED ARMSTRONG.

*Exemption—Schedule—Time — Replevin — Household Furniture—Demand—Instructions.*

1.  In an action of replevin brought to recover household furniture held under execution, there being a conflict of evidence as to whether the defendant made out and delivered his schedule within ten days from the time he received notice of the execution, this court declines to interfere with the verdict in his favor.

2.  It is proper to refuse an instruction which contains nothing which is not contained in those given.

[Opinion filed November 30, 1888.]

APPEAL from the County Court of Jersey County; the Hon. O. T. THOMPSON, Judge, presiding.

Mr. Jos. S. CARR, for appellant.

Mr. THOMAS F. FERNS, for appellee.

WALL, P. J. This was replevin for certain chattels consisting of household goods levied upon by appellant as a constable by virtue of two writs of execution issued by a justice of the peace against the appellee.

The main question upon the trial was whether the appellee made his schedule and delivered it to the appellant within ten days after receiving notice of the executions. As to this the evidence was in hopeless conflict, the appellee testifying one way and the appellant and the attorney for the plaintiff in execution testifying the other. It is not worth while to state this evidence in detail nor to refer to the various features of it which counsel press upon us as supporting their respective positions. It is enough to say that in view of the better opportunity enjoyed by the jury and the trial judge to weigh

Miner v. Armstrong.

the testimony, the record does not disclose such a variance between the proof and the finding as to warrant the interference of this court.

The evidence of the plaintiff considered alone is ample to support his right to the property, and while it is flatly contradicted by that of the defendant, the jury were at liberty to give the one greater credence than the other, and when testimony is conflicting there is no more appropriate tribunal to settle the conflict.

We need not advert to the familiar rule on this subject, nor need we state the considerations which induce and sustain the rule.

It is objected that the court erred in giving the third instruction for plaintiff. The instruction is somewhat obscure, but the point involved seems to be as to the necessity of a demand before bringing suit. If it be conceded the instruction is faulty, yet it is apparent it could do no harm, for there is no doubt whatever that a demand was made, and we can not suppose that if this instruction had not been given the result would have been different. Had the court given an obscure or misleading instruction upon the point really in dispute, there would be more substantial ground for complaint.

Appellant also urges as error the refusal of the court to give the third, eighth and ninth instructions asked on his behalf. We think all that was contained in the third and ninth proper to be given will be found in several others which the court gave at the instance of the appellant, and that the eighth was properly refused.

We find no important error in the record, and the judgment will be affirmed.

*Judgment affirmed.*